952 A.2d 1020

IN THE MATTER OF WALTER D. NEALY,
AN ATTORNEY AT LAW.

July 14, 2008.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 08–009 and DRB 08–010, concluding that **WALTER D. NEALY** of **HACKENSACK,** who was admitted to the bar of this State in 1983, should be suspended from the practice of law for a period of three months for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to keep client informed about status of matter), and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);

And the Disciplinary Review Board having further concluded that following reinstatement to practice, respondent should practice under supervision for a period of two years;

And good cause appearing;

It is ORDERED that **WALTER D. NEALY** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective August 11, 2008; and it is further

ORDERED that following his reinstatement to practice, respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement

for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.